# COMPOSITE EXHIBIT A

Filing # 90271736 E-Filed 05/29/2019 05:08:41 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>EVELYN FERNANDEZ</u>
Plaintiff
            vs.
<u>CRYSTAL CRUISES, LLC.</u>
Defendant

---

**II.      TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence -- other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability -- commercial
   ☐ Premises liability -- residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice -- business
   ☐ Malpractice -- medical
   ☐ Malpractice -- other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☒ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
   - ☒ Monetary;
   - ☒ Non-monetary declaratory or injunctive relief;
   - ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (     )
   (Specify)

   <u>5</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
   - ☐ Yes
   - ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   - ☒ No
   - ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   - ☒ Yes
   - ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jason S Remer</u>      FL Bar No.: <u>165580</u>
    Attorney or party                               (Bar number, if attorney)

    <u>Jason S Remer 05/29/2019</u>
       (Type or print name)                        Date

Filing # 90271736 E-Filed 05/29/2019 05:08:41 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: _____

EVELYN FERNANDEZ,

      **Plaintiff,**

vs.

CRYSTAL CRUISES, LLC.
a Foreign Limited Liability Corporation

      **Defendant,**

_____/

## COMPLAINT

COMES NOW, the Plaintiff, EVELYN FERNANDEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, CRYSTAL CRUISES, LLC. (collectively "Defendants"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs for damages under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), to redress injury done to Plaintiff by the Defendants discriminatory treatment based on Plaintiff's national origin, and age. And for unpaid wages and damages under the Equal Pay Act Of 1963, 29 U.S.C. § 206, *et seq.* ("EPA")

2. Plaintiff continues to be, a resident of Miami Dade, Florida.

3. Plaintiff was an employee of Defendants in Miami-Dade County, Florida.

4. Defendants were "persons" and/or "employers" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* since it employs fifteen (15) or more employees for the

applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the "FCRA".

5.  At all times material, hereto Defendants were "employers" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6.  At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*

7.  Plaintiff is a 60-year-old female individual of Venezuelan national origin and a member of a class of persons protected from discrimination in her employment under Title VII and the FCRA.

8.  Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 22, 2018, claiming national origin, gender and religion discrimination. *See* Exhibit A.

9.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff has been employed by Defendant since on or about November 26, 2016 through on or about April 2, 2018

11. Plaintiff is a female individual of Venezuelan Origin and is employed by Defendants as an Accounts Payable Clerk.

12. Throughout Plaintiff's employment, Plaintiff performed her duties in an exemplary manner or above satisfactory levels.

13. Plaintiff is subjected to discriminatory treatment by and through, Defendant's Director of Treasury Operations, Lisa Wilson (Caucasian) ("Lisa"), not limited to the following:

A) On or about March 2017, while Plaintiff introduced herself to her other co-workers, Lisa said, "You and Edna have the same problem" referring to our heavy Spanish accent. (Edna is Colombian)

B) On or about, March 2017, Lisa spread a false rumor about Plaintiff saying, "Evelyn is a slut and a Latin stupid."

C) Plaintiff was never promoted; however, Lisa promoted two other co-workers of Plaintiff's, who were both younger and less experienced than Plaintiff was.

D) Plaintiff knew of two other co-workers that had less responsibility and experience than Plaintiff, who were paid significantly more than Plaintiff. These two employees, were both younger and less experienced than Plaintiff.

14. On several occasions, such as on or about January 2018, Lisa would give Plaintiff poor job evaluations, which caused Plaintiff not to be promoted.

15. On many occasions, Plaintiff was disciplined for minor and trivial things, which notably, other similarly situated younger employees, who are not Venezuelan , would commit but were never disciplined for.

16. Plaintiff continuously complained to Lisa about the derogatory comments and discriminatory treatment but the issue was never resolved.

17. Plaintiff complained via email, on or about March 2018, to the Vice President of Finance, Donald Mason, and the Vice President of Information Technology, John Polimenakos about the discriminatory treatment and suspicious activity in the Payables Department.

18. Plaintiff was paid less than male similarly situated employees.

19. Subsequently, on or about April 2, 2018, Plaintiff was terminated with no given reason.

20. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### Discrimination in Compensation
### Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

22. Plaintiff belongs to a protected class; she is female.

23. Plaintiff's job functions as an Accounts Payable Clerk with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male Accounts Payable Clerks, and they were performed under the same or similar working conditions.

24. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male Accounts Payable Clerks wages while performing the same or substantially more work than her male co-workers did.

25. Plaintiff was qualified for and entitled to wages equal to or higher than her male co-workers' wages performing the same or substantially more work than her co-workers.

26. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

    B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT II
*Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621*
*(ADEA): Discrimination based on Age against*
*CRYSTAL CRUISES, LLC.*

27. At all times material hereto, the Employer/Defendant failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, as amended, which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

28. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's age, to wit: 60 years of age.

29. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's age.

30. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was 60 years old.

31. Defendant terminated or forced out older employees in order to replace them with substantially younger and inexperienced employees.

32. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

33. The Plaintiff was qualified for the position apart from her apparent age.

34. The Plaintiff was discriminated against by her supervisor because she was 60 years old.

35. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

36. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

37. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

38. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was 60 years old, in violation of the Act.

39. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

40. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's age.

41. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their age. The discrimination on the basis of age constitutes unlawful discrimination.

## COUNT III
### Violation of the Florida Civil Rights Act of 1992 Chapter 760: Discrimination based on Age against CRYSTAL CRUISES, LLC.

42. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states "It is an

unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

43. The discrimination and termination of Plaintiff by Defendant was on the basis of Plaintiff being 60 years old.

44. At all relevant times aforementioned, including the time of employment termination of Plaintiff, Defendant, was aware that Plaintiff was 60 years old.

45. At the time of Defendant's termination of her employment, Plaintiff did perform and excel at the performance of the essential functions of her position.

46. The Plaintiff was qualified for the position.

47. The termination of Plaintiff's employment was on the basis of her age.

48. Plaintiff was fired by Defendant and Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her age while working for Defendant in violation of Florida Statute Section 760.

49. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

50. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating employment, her age.

51. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status.

52. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**COUNT IV**
*National Origin Discrimination in Violation of Title VII against*
*CRYSTAL CRUISES, LLC.*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

54. Plaintiff is a member of a protected class under Title VII.

55. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

56. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Venezuelan.

57. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

59. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

62. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices, unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Discrimination based on National Origin in Violation of the Florida Civil Rights Act against CRYSTAL CRUISES, LLC.*

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

65. At all-time material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

66. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

67. The Plaintiff is of Venezuelan national origin and she possessed the requisite qualifications and skills to perform her position with Defendant.

68. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Venezuelan employees were allowed better work opportunities.

69. The Plaintiff was terminated or constructively discharged as a result of her national origin and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

70. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

71. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

72. Plaintiff was qualified for her position with Defendant as an Accounts Payable Clerk.

73. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

74. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of national origin.

75. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief;

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   5-29-19

Respectfully submitted,

**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

# EXHIBIT A

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) |
| --- | --- |
| ☐ FEPA | |
| ☒ EEOC | 510- |

Florida Commission On Human Relations

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
| --- | --- | --- |
| Evelyn L. Fernandez | (786) 763-7895 | 1957 |

| Street Address | City, State and ZIP Code |
| --- | --- |
| 5950 SW 74 Street, Apt. 301, Miami, FL 33143 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
| --- | --- | --- |
| CRYSTAL CRUISES | 500 or More | (310) |

| Street Address | City, State and ZIP Code |
| --- | --- |
| 1501 Biscayne Blvd, Suite, # 501,  Miami, FL 33132 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☒ NATIONAL ORIGIN |
| --- | --- | --- | --- | --- |
| ☐ RETALIATION | ☒ AGE | ☐ DISABILITY | | ☐ GENETIC INFORMATION |
| ☐ OTHER (Specify) | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest:
03-26-20??

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a 60 year old individual from Venezuela. I began working for the employer on or around
November 2016 as a temporary employee, and was hired as a permanent employee in March 26, 2017.
My most current position is Accounts Payable Clerk. I was the only individual from Venezuela and
the oldest employee in my area. Since on or around March, 2017, I have been repeatedly harassed,
intimidated and subjected to derogatory negative comments about my nationality from Treasury
Director, Lisa Wilson (Caucasian/ early 40s). I was disciplined for minor and trivial things, which,
notably, other similarly situated younger employees, who are not Venezuelan, commit but are never
disciplined for. I was also subjected to highly offensive remarks about my age and name by
Staff Accountant, Bianca Pena (Hispanic/ 34 years old). Despite several attempts to resolve these
issues internally by complaining about the treatment to Ms. Wilson and Ms. Pena, nothing was ever
done to remedy the situation. Their conduct is so blatant and the work environment became so
deplorable, that it started affecting my health, and on or around March, 2018, I was hospitalized.

On April 2, 2018, I was unjustly terminated from my position. I believe the reason given for my
termination is a pretext.

Thus, for the reasons specified herein, I believe that I have been discriminated against because of my
age (60), in violation of the Age Discrimination in Employment Act of 1967, as amended, and because
of my nationality (Venezuelan), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| --- | --- |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Aug 22, 2018     _[signature]_ <br> Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Filing # 90360837 E-Filed 05/31/2019 09:57:15 AM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-016156-CA-01

EVELYN FERNANDEZ

      Plaintiff,

vs.

CRYSTAL CRUISES, LLC.
a Foreign Limited Liability Company

      Defendant,

_____/

## SUMMONS IN A CIVIL CASE

TO:  CRYSTAL CRUISES, LLC. through its Registered Agent

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

                                     DATE

(BY) DEPUTY CLERK

Filing # 90360837 E-Filed 05/31/2019 09:57:15 AM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-016156-CA-01

EVELYN FERNANDEZ

    Plaintiff,

vs.

CRYSTAL CRUISES, LLC.
a Foreign Limited Liability Company

    Defendant,

_____/

## SUMMONS IN A CIVIL CASE

TO: CRYSTAL CRUISES, LLC. through its Registered Agent

        CORPORATION SERVICE COMPANY
        1201 HAYS STREET
        TALLAHASSE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE   6/4/2019

Filing # 91046893 E-Filed 06/13/2019 12:20:49 PM

## RETURN OF SERVICE

State of Florida                County of DADE                            Circuit Court

Case Number: 2019-016156-CA-01

Plaintiff:
EVELYN FERNANDEZ

vs.

Defendant:
CRYSTAL CRUISES, LLC

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 11th day of June, 2019 at 12:11 pm to be served on CRYSTAL CRUISES, LLC REG AGENT: CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

I, INA MATHERS, do hereby affirm that on the 12th day of June, 2019 at 11:39 am, I:

Served the within named CORPORATION by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me to CORPORATION SERVICE COMPANY as REGISTERED AGENT, by serving KANEISHA GROSS as PROCESS CLERK authorized to accept service for registered agent.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which the service was made.

INA MATHERS
Certified Process Server #260

OJF SERVICES, INC.
13727 S.W. 152ND ST.
PMB# 354
MIAMI, FL, FL 33177
(954) 929-4215

Our Job Serial Number: OJF-2019009576
Ref: 9576

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0n



Filing # 90360837 E-Filed 05/31/2019 09:57:15 AM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-016156-CA-01

EVELYN FERNANDEZ

    Plaintiff,

vs.

CRYSTAL CRUISES, LLC.
a Foreign Limited Liability Company

    Defendant,

_____/

DATE 6/12/19     11:39 am
     I.M.    260

SUMMONS IN A CIVIL CASE

TO: CRYSTAL CRUISES, LLC. through its Registered Agent

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSE, FL 32301

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE   6/4/2019

9576